UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24-CV-582-CRS

ESTATE OF WILLIAM CARVER                                                                PLAINTIFF

v.

TODD MATTINGLY, *et al*                                                                DEFENDANTS

### MEMORANDUM OPINION

This case rests on the allegation that either defendant Todd Mattingly, or "individuals acting on his behalf," shot and killed William Carver. Complaint, DN 1 at ¶ 7. Carver's Estate has sued Todd Mattingly for wrongful death and negligence *per se* (Counts I and 5). The Estate has also sued Robert Mattingly who is a relative of Todd's and the County Coroner for Marion County, according to the Complaint. *Id.* Carver's Estate alleges that in order to prevent Todd's prosecution for murder, Robert refused to autopsy Carver, ruled the death a suicide, and had him cremated. *Id.* at ¶¶ 9, 10, 15, 17. Carver's Estate claims that Robert's conduct violated its due process rights under the Fifth and Fourteenth Amendments to the Constitution, suing Robert pursuant to 42 U.S.C. § 1983 (Counts III and IV). The Estate has also sued Robert for negligence, negligence *per se* and conversion (Counts II, V and VI). Robert has moved to dismiss (DN 7). So has Todd (DN 10). At the same time, the Estate has moved the Court for a hearing and temporary restraining order that would bar Todd from directly communicating with Carver's family members (DN 9). The Estate also asks the Court to advise federal law enforcement of Todd's conduct and to issue sanctions. *Id.*

The Court finds that the § 1983 claims against Robert should be dismissed and declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, for the

reasons explained in more detail below, the Court will grant Robert's Motion to Dismiss in part and deny Todd's Motion to Dismiss and the Estate's Motion for a Hearing as moot.

## SUMMARY OF FACTS AND § 1983 CLAIMS

According to the Compliant, "William Carver was fatally shot in the chest on October 11, 2022, by his employer, Todd Mattingly, or by individuals acting on Todd's behalf, in Marion County, Kentucky." Complaint, DN 1 at ¶ 7. This event took place in cow field off a paved road. *Id.* at ¶ 8. Carver's Estate alleges that despite being asked to do so by a state trooper and a detective, Robert Mattingly, the County Coroner, refused to perform an autopsy. *Id.* at ¶ 9. Robert ruled Carver's death a suicide. *Id.* at ¶ 10. Carver's Estate believes that "the evidence at the scene contradicts this conclusion," *id.*, and, thus, has brought this civil action based on a murder theory. Additionally, the Estate alleges that Robert "ordered Carver's body to be cremated without the family's consent" and did so despite his family's having "explicitly stated their intention to bury him." *Id.* at ¶ 15. Beyond that, "Robert acted in bad faith in his official capacity through the investigation into William Carver's death. Although he is legally obligated to determine the cause of death of certain individuals such as William Carver, Robert instead intentionally obscured Carver's cause of death to protect Todd from criminal liability." *Id.* at ¶ 17.

The Estate's § 1983 claims are based on these allegations. Count III alleges that Robert violated the Estate's Fifth Amendment due process rights, having "no legal right or authority to deprive [it] of these rights when he wrongly disposed of Carver's body through cremation, against the wishes of Carver's next of kin." *Id.* at ¶ 26. Also, Robert "acted in bad faith during the medical examination and investigation into Carver's cause of death." *Id.* Based on like allegations, the Estate has sued Robert for violating its due process rights under the Fourteenth Amendment, which "violation occurred as a result of the unlawful disposal of Carver's body and [Robert's] bad faith during the medical examination and investigation into Carver's cause of death." *Id.* at ¶ 29. The

Estate alleges that this behavior was "conscience-shocking." *Id.* at ¶ 30. That is, the Estate has sued for a violation of substantive due process rights.

## STANDARD OF REVIEW

If a complaint fails to state a claim upon which relief can be granted, it is subject to dismissal. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the nonmoving party and accept "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citation omitted). To avoid dismissal, the complaint "must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted). While the pleadings do not need to contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted).

## ANALYSIS

Robert has moved to dismiss the § 1983 claims. He makes three arguments (1) the Estate has failed to plead an official-capacity claim, (2) the Estate has failed to plead a Fifth Amendment claim because that Amendment constrains the power of the federal government and in his capacity as Coroner, Robert is a state, not a federal actor, and (3) he is entitled to qualified immunity. The Court agrees that the Fifth Amendment does not apply to the alleged facts. *Sanders v. City of Hodgenville, Ky.*, 323 F. Supp.3d 904, 911 (W.D. Ky. 2018) (quoting *United States v. Balsys*, 524 U.S. 666, 700 (1998) (Stevens, J., concurring)).

The Court also agrees that the Estate has failed to plead an official-capacity, § 1983 claim. Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent.'" *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Consequently, the Estate's official-capacity claim against Robert is actually a claim against Marion County. *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). A county cannot be held liable for violating a constitutional right unless there is a direct causal link between its policy or custom and the alleged violation. *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). To state a viable claim, a plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). There are no allegations in the Estate's Complaint that satisfy these requisites. The Estate makes no argument to the contrary.

As for the Estate's § 1983, Fourteenth Amendment claims, they too are subject to dismissal. "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Id.* Here, the Estate is suing on behalf of Carver and so it is Carver's rights that it seeks to vindicate. To state a § 1983 claim against Robert, the Estate must plead facts that support liability for violating one of Carver's constitutional rights. This the Estate cannot do given the fact allegations. For, it is also "well established that § 1983 provides no cause of action on behalf of a deceased person when the purported violation of his or her civil rights occurred after death." *Skipper v. Clark*, 150 F. Supp.3d 820, 826 (W.D. Ky. 2015) (citations

omitted) (brackets omitted). Here, the Estate alleges that Robert violated Carver's substantive Fourteenth Amendment Rights by refusing to autopsy him and by cremating him: "This violation occurred as a result of the unlawful disposal of Carver's body and the Defendant's bad faith during the medical examination and investigation into Carver's cause of death." Complaint, DN 1 at ¶ 29. Plainly, the substantive due process violation is based entirely on post-mortem conduct. Thus, it fails to state a claim.

Accordingly, the Court will dismiss the § 1983 claims. Given that these are the only claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them. *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (citing *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). Further, in declining to exercise supplemental jurisdiction, a court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (citation omitted). This case is at nascent stage. The parties have yet to expend time or resources to develop the state-law claims through discovery. Under these circumstances, the Court finds that the state law issues are best left to the Kentucky courts to decide. Finally, the remaining motions, Todd's Motion to Dismiss (DN 10) and the Estate's Motion for Hearing (DN 9) are mooted by the Court's decision to decline to exercise supplemental jurisdiction in this case. The Court will enter a separate order and judgment consistent with this opinion.

June 16, 2025



Charles R. Simpson III, Senior Judge
United States District Court